**IN RE: ZAPPOS.COM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION.**

**MDL No. 2357.**

United States Judicial Panel on Multidistrict Litigation.

June 13, 2012.

Before JOHN G. HEYBURN II, Chairman, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:*** Pursuant to 28 U.S.C. § 1407, defendant Zappos.com, Inc.

---

\* Judge Kathryn H. Vratil did not participate in the decision of this matter. Additionally, a Panel member who could be a member of the putative classes in this docket renounced participation in these classes and participated in this decision.

(Zappos) moves for centralized pretrial proceedings of this litigation in the District of Nevada. Defendant's motion includes nine actions pending in five districts, as listed on Schedule A. The Panel also has been notified of an additional related action.[1]

No party opposes centralization, though there is some disagreement regarding the selection of the transferee district. Plaintiffs in the District of Nevada actions, as well as plaintiff in the District of Massachusetts action, suggest centralization in the District of Nevada. Responding plaintiffs in various actions or potential tag-along actions support centralization in one or more of the following districts: the Western District of Kentucky, the Southern District of Florida, or the District of Massachusetts.

On the basis of the papers filed and the hearing session held, we find that these nine actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from a security breach in Zappos's computer networks in mid-January 2012. Plaintiffs contend, *inter alia*, that Zappos failed to adequately safeguard the financial and personally identifying information and related data affecting an estimated 24 million Zappos customers. Plaintiffs further assert that Zappos improperly responded to the data breach. We agree with the parties that centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We conclude that the District of Nevada is an appropriate district to serve as the transferee forum for this litigation. This district has the strongest connection to this litigation, inasmuch as Zappos is based in Hendersonville, Nevada. According to the chief information technology officer of Zappos, personnel who responded to the data breach are located in this district, as are the servers from which customer data was obtained, in addition to other potentially relevant documents and witnesses. With a pending Nevada state court action, centralization in the District of Nevada will facilitate coordination between the federal and state court actions.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Nevada are transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Robert Clive Jones for coordinated or consolidated pretrial proceedings.

## SCHEDULE A

MDL No. 2357 — IN RE: ZAPPOS.COM, INC., CUSTOMER DATA SECURITY BREACH LITIGATION

*Middle District of Florida*

*Josh Richards v. Amazon.com, Inc.,* C.A. No. 6:12–00212

*Southern District of Florida*

*Sylvia St. Lawrence v. Zappos.com, Inc.,* C.A. No. 0:12–60133

*Western District of Kentucky*

*Theresa D. Stevens v. Amazon.com, Inc.* C.A. No. 3:12–00032

*Stacy Penson v. Amazon.com, Inc.,* C.A. No. 3:12–00036

*Tara J. Elliott, et al. v. Amazon.com, Inc.,* C.A. No. 3:12–00037

---

**1.** This action, pending in the Southern District of California, and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

*District of Massachusetts*

*Dahlia Habashy v. Amazon.com, Inc.,*
C.A. No. 1:12–10145

*District of Nevada*

*Stephanie Priera v. Zappos.com, Inc.,*
C.A. No. 2:12–00182

*Shari Simon, et al. v. Amazon.com, Inc.,*
C.A. No. 2:12–00232

*Robert Ree v. Amazon.com, Inc., dba Zappos.com,* C.A. No. 3:12–00072